UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RODNEY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 5:14-cv-169-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| OWNERS INSURANCE COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*

This matter is before the Court upon Plaintiff's Motion to Remand and For Leave to File Amended Complaint. [D.E. 3]. The Defendant filed a Response [D.E. 5], and Plaintiff failed to file a timely Reply. The time for briefing having run, and the Court being otherwise sufficiently advised, this matter is ripe for review.

**I. Factual Background**

Plaintiff was injured in an automobile accident when his automobile collided with an automobile being driven by Marvin Cazun. Cazun was an uninsured motorist. As a result of Plaintiff's injuries, Plaintiff brought suit against Cazun in Fayette Circuit Court. Defendant, Plaintiff's automobile insurer, filed an intervening complaint against Cazun for any amount Defendant might pay Plaintiff as a result of Plaintiff's

underinsured motorist coverage. A default judgment was entered against Cazun in the amount of $644,984.67.

Defendant refused to pay the judgment entered against Cazun and Plaintiff filed suit in Madison Circuit Court seeking to recover the amount of the judgment pursuant to Plaintiff's uninsured motorist coverage with Defendant. Plaintiff filed a claim alleging breach of contract, a claim requesting a declaratory judgment, a claim alleging a violation of KRS 367.170, and a claim for punitive damages. [D.E. 1-1 at 5-8]. On April 25, 2014, Defendant removed the action to this Court on the basis of diversity jurisdiction. [D.E. 1]. Plaintiff has now filed a motion to remand and a motion for leave to file an amended complaint. [D.E. 3].

**II. Standard of Review**

**A. Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b)(1). "[I]f the case stated by

2

the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id.* (citations omitted).

**B. Motion for Leave to File Amended Complaint**

If a responsive pleading is required, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P.

3

15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed his Motion for Leave to File an Amended Complaint more than 21 days after Defendant filed its Answer. Therefore, because Defendant objects to the filing of the amended complaint, Plaintiff may file an amended complaint only with the Court's leave.

"[W]here the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "The decision to grant a motion to amend lies within the sound discretion of the district court. . . ." *Powermount, Inc. v. Techemet, L.L.P.*, No. 6:07-cv-371-DCR, 2008 WL 4889354, at *2 (E.D. Ky. Nov. 12, 2008).

**III. Analysis**

**A. Motion to Remand**

In its notice of removal, Defendant asserted that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. [D.E. 1 at 2]. Plaintiff has filed a motion to remand claiming that the parties are not diverse by operation of 28 U.S.C. § 1332(c)(1). For the Court to have diversity jurisdiction,

Plaintiff and Defendant must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff concedes that the amount in controversy exceeds $75,000. [D.E. 3 at 3]. However, Plaintiff argues that diversity is destroyed by application of § 1332(c)(1) because Plaintiff brings a "direct action against the insurer of a policy or contract of liability insurance." 28 U.S.C. § 1332(c)(1). Plaintiff's argument that § 1332(c)(1) divests this Court of jurisdiction is without merit.

> [T]he typical direct action is one in which an injured party sues the insurer of a tortfeasor without joining the tortfeasor to the case. It is known as a 'direct action' because the plaintiff, who is not the insured, directly sues the party who will ultimately pay, the insurer, without joining the insured as a party-defendant.

*Daugherty v. Chubb Grp. of Ins. Cos.*, 823 F. Supp. 2d 656, 659 (W.D. Ky. 2011). The present case does not present a direct action because Plaintiff, the insured, brings suit against his insurer. *See id*. ("Plaintiff Daugherty is not bringing a direct action against the insurer of a non-party insured. Instead, Daugherty, himself, is the insured bringing a first-party claim against his insurer.").

> Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. . . . This result comports with the

> conclusion reached by our sister circuits that when an injured party sues her own uninsured motorist carrier, it is not a direct action.

*Lee-Lipstreu v. Chubb Grp. of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) (citations omitted). Thus, this action, which involves an injured party suing his own uninsured motorist insurance carrier, is not a direct action, and § 1332(c)(1) does not divest this Court of jurisdiction. *See Daugherty*, 823 F. Supp. 2d at 659 ("Because Daugherty is an insured suing his insurer, § 1332(c)(1) is inapplicable to the present case and will not divest the Court of jurisdiction.").

Accordingly, the citizenship of Plaintiff is determined by his domicile, *see Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (citations omitted), and Defendant is a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The complaint and Plaintiff's motion avers that he is a citizen of Kentucky. [D.E. 1-1 at 4]; [D.E. 3 at 5] (arguing that adding Kentucky residents destroys diversity jurisdiction). Thus, Plaintiff is a citizen of Kentucky. Defendant claims that it is incorporated in Ohio and that its principal place of business is in Ohio. [D.E. 5 at 1]. Plaintiff concedes these facts. [D.E. 3 at 4]. Thus, Defendant is a citizen of Ohio. Therefore, there is complete diversity among the parties and, based on agreement of the parties, the amount in controversy is

over $75,000. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

**B. Motion for Leave to Amend the Complaint**

The Court having determined that it has jurisdiction over this action, turns to Plaintiff's Motion for Leave to Amend the Complaint. [D.E. 3]. Plaintiff attempts to amend the complaint to add two additional defendants, Marvin Cazun and Kayla Shaver, both of whom are Kentucky residents. Therefore, if the Court were to grant Plaintiff's motion, diversity jurisdiction would be destroyed.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties after removal." *Bridgepointe Condos., Inc. v. Integra Bank Nat'l Ass'n*, No. 08-cv-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009).

> [C]ourts in this district generally consider the following factors when reviewing a motion to amend a complaint under Section 1447(e): (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if

7

amendment is not allowed; and (4) any other equitable factors.

*Cooper v. Thames Healthcare Grp., L.L.C.*, No. 13-cv-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citations omitted) (internal quotation marks omitted).

**1. Purpose of the Amendment**

Determining whether the purpose of the amendment is to defeat federal jurisdiction is the most important factor when reviewing a motion to amend a complaint under § 1447(e). *Cooper*, 2014 WL 941925, at *2. The Court finds that the purpose of the motion to amend is to defeat federal jurisdiction.

The circumstances presented by this case are almost identical to the circumstances of a case previously decided by this Court.

> Cooper's Estate filed the motion to amend less than a month after removal and simultaneously with its motion to remand, which was based solely on the joinder of Gidron. The parties exchanged no new discovery from the time of the removal to the time of the filing of the motion to remand to prompt the need for this amendment. Under circumstances such as these, courts have previously made the logical inference that the motion to remand was made for purposes of divesting the federal court of jurisdiction.

*Cooper*, 2014 WL 941925, at *4 (citations omitted). Similarly, Plaintiff has filed his motion to amend approximately one month after the notice of removal, and simultaneously with his motion to remand. Furthermore, Defendant claims no new discovery was taken in this time period. [D.E. 5 at 11].

Moreover, like *Cooper*, Plaintiff was aware of the parties he seeks to add when the original complaint was filed. Plaintiff seeks to add Marvin Cazun, the uninsured motorist he sued in Fayette Circuit Court, and Kayla Shaver, the claims adjuster employed by Defendant that Plaintiff negotiated with throughout his claim process. [D.E. 3-1]. These circumstances are almost identical to those presented before the Court in *Cooper*.

> This explanation would be more compelling had the Estate learned of the identity of Gidron after a period of discovery following removal and then moved for leave to file an amended complaint substituting her for one of the original 'Unknown Defendants.' . . . The Defendants claim, and the Estate does not deny, that Cooper's Estate was aware of Gidron and her position at the time of the filing of the original complaint in state court.

*Id*. at *3. Thus, like *Cooper*, the Court finds that the circumstances surrounding Plaintiff's desire to add Cazun and Shaver suggest that the motion to amend was made in an effort to defeat federal jurisdiction. *See id*. at *4 ("Taken together, the Court finds that the circumstances surrounding the motion to amend suggest that the true purpose of joining Gidron is to destroy the jurisdiction of this Court.").

**2. Dilatoriness of Amendment**

The time period of the filing of the original complaint, the notice of removal, and the motion for leave to amend is also almost identical to the time frame presented in *Cooper*. In

*Cooper*, no scheduling order had been entered, there was a two month interval between the original complaint and the motion to amend, and the plaintiff had previous knowledge of the party it was attempting to add. *Id*. at *5. In *Cooper*, the Court found that "while two months is not a lengthy period of time in general, the fact that the Estate had knowledge of the reason for the amendment the entire time does not permit this factor to weight in favor of joinder." *Id*. The Court agrees with the reasoning of *Cooper*. Because Plaintiff had knowledge of the existence of Cazun and Shaver, dilatoriness of amendment is neutral and does not weigh in favor of joinder or denial of joinder.

**3. Prejudice to Plaintiff**

Plaintiff would not be substantially prejudiced if the Court does not allow joinder in this matter. Plaintiff can be afforded full recovery in this action without the addition of Marvin Cazun or Kayla Shaver, and, therefore, this factor weighs against joinder.

Plaintiff seeks to add Marvin Cazun as a party, claiming that Cazun is a necessary party to Plaintiff's request for a declaratory judgment. *See* [D.E. 3-1 at 3]. Marvin Cazun is the uninsured motorist who Plaintiff collided with and sued in Fayette Circuit Court. Plaintiff asserts that Cazun is a necessary party because, as Plaintiff has obtained a judgment

against Cazun in Fayette Circuit Court, Cazun has an interest in the outcome of this litigation. [D.E. 3-1 at 3-4]. However, the declaratory judgment action in the amended complaint seeks an interpretation of the insurance contract between Plaintiff and Defendant. *See* [D.E. 3-1 at 3]. Thus, Cazun is not a necessary party. *See N. Am. Specialty Ins. Co. v. Pucek*, No. 5:08-cv-486-JMH, 2009 WL 3190391, at *3 (E.D. Ky. Sept. 30, 2009) ("At its very core, the instant dispute is one of contract interpretation – a contract of insurance between NAS and Owners. . . . [P]rivity of contract exists only between NAS and Owners, and complete relief can be accorded between those existing parties."). An interpretation of the contract between Plaintiff and Defendant will have no impact on the validity of the state court judgment entered against Cazun, and Plaintiff can fully recover without Cazun being a party to this action.

The proposed amended complaint makes claims against Shaver for a violation of KRS 367.170 and punitive damages. [D.E. 3-1 at 4-5]. According to Plaintiff's proposed amended complaint, Kayla Shaver is a claims adjuster for Defendant. [D.E. 3-1 at 1]. The claim for a violation of KRS 367.170 claims that "Defendant . . . and its agent, Kayla Shaver, have made unfair, false, misleading and deceptive statements. . . ." [D.E. 3-1 at 4]. The count for fraud and punitive damages claims that Defendant and Shaver "intentionally misrepresented their

intentions regarding the policy of insurance issued to Plaintiff, and made misrepresentations in the adjustment of Plaintiff's claim, which Plaintiff relied upon to his detriment." [D.E. 3-1 at 5]. Thus, any allegations against Shaver arise out of actions she allegedly made in her official capacity as an employee of Defendant. Therefore, in the event Shaver committed tortious acts, Defendant can be held vicariously liable for tortious acts committed in the scope of Shaver's employment with Defendant, and Shaver would not be necessary to make Plaintiff whole. *See Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008) ("Under the doctrine of respondeat superior, an employer can be held vicariously liable for an employee's tortious actions if committed in the scope of his or her employment."); *see also Cooper*, 2014 WL 941925, at *4 (finding that, due to respondeat superior, plaintiff could fully recover without adding an employee of the defendant). Accordingly, the parties Plaintiff seeks to join are not necessary to afford Plaintiff complete recovery, and Plaintiff would not be prejudiced by the Court disallowing joinder.

4. **Equity**

Plaintiff does not assert that there are any equitable factors that require joinder, and the Court does not find any equitable factors that weigh in favor of joinder.

Therefore, the factors weigh in favor of denying Plaintiff's Motion for Leave to File an Amended Complaint, especially given that the circumstances surrounding Plaintiff's motion suggest that the motion to amend is an attempt to defeat federal jurisdiction.

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand and Motion for Leave to File an Amended Complaint [D.E. 3] be, and the same hereby is, **DENIED**.

This the 9th day of July, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge